IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION,
P.O. Box 34553
Washington, DC 20043,

    *Plaintiff*,

vs.

UNITED STATES
DEPARTMENT OF DEFENSE,
1155 Defense Pentagon
Washington, DC 20301-1155,

    *Defendant*.

Case No. 17-cv-1921

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. Plaintiff Democracy Forward Foundation brings this action against Defendant United States Department of Defense ("DOD" or "the Agency") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). DOD has refused to respond to Plaintiff's request for communications related to the White House's June 26, 2017 statement that the United States had identified potential preparations for a chemical weapon attack by the regime of Syrian President Bashar al-Assad.

2. The communications Plaintiff requested are of significant public importance. The White House statement in question contained an alarming allegation that Syria was preparing for a chemical weapons attack that "would likely result in the mass murder of civilians, including

1

innocent children."[1] Despite the seriousness of this allegation, Pentagon officials were reportedly caught off guard by the statement, with several reportedly unaware of where the White House had received its information.

3. Given the Agency's refusal to even respond to Plaintiff's FOIA, judicial action is necessary to compel compliance with FOIA and production of any relevant documents.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e), because DOD and Plaintiff are both located in Washington, D.C., and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Washington, D.C.

## PARTIES

6. Plaintiff Democracy Forward Foundation is a not-for-profit media organization incorporated under the laws of the District of Columbia, and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

7. Defendant DOD is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. DOD has possession, custody, and control of records to which plaintiff seeks access.

---

[1] Abby Phillip & Dan Lamothe, *White House says Syria's Assad preparing another chemical attack, warns of 'heavy' penalty,* Washington Post, June 27, 2017, *available at* https://www.washingtonpost.com/news/post-politics/wp/2017/06/26/white-house-says-syrias-assad-preparing-another-chemical-attack-warns-of-heavy-penalty/?utm_term=.eb758623fdc9.

## FACTUAL ALLEGATIONS

### The June 26, 2017 Statement

8. On Monday, June 26, 2017, then-White House Press Secretary Sean Spicer issued a statement that read:

> The United States has identified potential preparations for another chemical weapons attack by the Assad regime that would likely result in the mass murder of civilians, including innocent children. The activities are similar to preparations the regime made before its April 4, 2017 chemical weapons attack.
>
> As we have previously stated, the United States is in Syria to eliminate the Islamic State of Iraq and Syria. If, however, Mr. Assad conducts another mass murder attack using chemical weapons, he and his military will pay a heavy price.[2]

9. Later that day, the *New York Times* reported that "[s]everal military officials were caught off guard by the statement from President Trump's press secretary."[3]

10. Similarly, BuzzFeed News reported on June 27, 2017 that "[m]any officials across the Pentagon did not know what the White House was referring to until Tuesday morning," June 27. As BuzzFeed News explained, "five US defense officials reached by BuzzFeed News on Monday night said they did not know where the potential chemical attack would come from, including one US Central Command official who had 'no idea' about its origin. The officials said they were unaware the White House was planning to release its statement."[4]

---

[2] *Id.*
[3] Michael D. Shear, et al., *Syria Will 'Pay a Heavy Price' for Another Chemical Attack, White House Says*, N.Y. Times, June 26, 2017, *available at* https://www.nytimes.com/2017/06/26/us/politics/syria-will-pay-a-heavy-price-for-another-chemical-attack-trump-says.html?mcubz=0.
[4] Claudia Koerner & Nancy A. Youssef, *White House Says Syria May Be Preparing Another Chemical Attack, Warns Assad Will "Pay A Heavy Price"*, BuzzFeed News, June 26, 2017, *available at* https://www.buzzfeed.com/claudiakoerner/white-house-says-syria-may-be-

11. On June 27, 2017, the White House disputed these reports through an unnamed official, stating that "all relevant agencies—including State, DoD, CIA and [the Office of the Director of National Intelligence]—were involved in the process from the beginning."[5]

12. As indicated by the numerous articles written about the topic, Mr. Spicer's June 26 statement was the subject of significant public interest, as was the question of whether, when, and how DOD was involved in the assessment of the risk and the threat made in Mr. Spicer's statement.

<u>Plaintiff's FOIA Request</u>

13. To understand and explain to the public the scope and nature of DOD's involvement in the June 26 statement, Plaintiff submitted a FOIA request to DOD.

14. Plaintiff's FOIA request was submitted by electronic mail on June 29, 2017 and requested the following, with the scope of the request limited to the period between June 25, 2017 and June 27, 2017:

1. Any and all records that refer or relate to the statement issued by the White House on June 26, 2017 about potential preparations of chemical weapons by the Assad regime in Syria. This includes, but is not limited to all drafts of the statement and communications regarding its content.

2. Any and all records that were sent from or to any of the following White House employees: Sean Spicer, Lindsay Walters, Sarah Huckabee Sanders, Hope Hicks, Reince Priebus, Michael Ambrosini, Katie Walsh, Rick Dearborn, Stephen Bannon, Jared Kushner, Avraham Berkowitz, Stephen Miller, Donald McGahn, Omarosa Manigault, Kellyanne Conway, Madeleine Westerhout, Stephanie Grisham, H.R. McMaster, Ezra Cohen-Watnick, Tom Bossert, Ricky Waddell, Dina Powell, or Joel Rayburn.

---

preparing-another-chemical?utm_term=.yr18egXjXb#.nqLmYx0R09 (updated on June 27, 2017).

[5] Annie Karni & Nahal Toosi, *Tight circle of security officials crafted Trump's Syria warning*, Politico, June 27, 2017, *available at* http://www.politico.com/story/2017/06/27/trump-syria-warning-security-240021.

3. Any and all records that refer or relate to Department of Defense personnel interactions with the Associated Press regarding confirmation that the United States has seen chemical weapons activity at a Syrian air base. This includes, but is not limited to, all emails sent from or to any individual with an Associated Press ("ap.org") email address. Please exclude news clips from this search.

15. Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii), which requires waiver of fees if the disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

16. DOD never responded to this request, even to acknowledge its receipt.

17. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DOD was required to determine whether to comply with the FOIA request within twenty business days of receipt of the request and to notify plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

18. DOD's determination regarding Plaintiff's FOIA request was due on or about July 28, 2017.

19. As of the date of this complaint, DOD has failed to: (1) determine whether to comply with the FOIA request, (2) notify plaintiff of any such determination of the reasons therefor, (3) advise plaintiff of the right to appeal any adverse determination, or (4) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

20. Because DOD has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i) or extend the time limit by written notice as set forth in 5 U.S.C. § 552(a)(6)(B)(i), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

**CLAIM FOR RELIEF**

21. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

22. By failing to respond to plaintiff's request within the statutorily mandated twenty days, DOD has violated its duties under 5 U.S.C.§ 552, including but not limited the duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive records.

WHEREFORE, Plaintiff prays that this Court:

1. order DOD to conduct a search for any and all responsive records to Plaintiff's FOIA request using search methods reasonably likely to lead to discovery of all responsive records;

2. order DOD to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. enjoin DOD from continuing to withhold any and all non-exempt responsive records;

4. order DOD to grant Plaintiff's request for a fee waiver;

5. award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and

6. grant any other relief this Court deems appropriate.

Dated: September 20, 2017

Respectfully submitted,

/s/ *Jeffrey B. Dubner*
Jeffrey B. Dubner (D.C. Bar No. 1013399)
Javier M. Guzman (D.C. Bar No. 462679)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
jdubner@democracyforward.org
jguzman@democracyforward.org